# Golden *v.* Conner.

*Action on Account for Goods Sold and Delivered.*

1. *Amendment of complaint; error without injury.*—If leave to amend the complaint is improperly granted, but the record does not show that the amendment was in fact made, the error is without injury.

2. *Averment of waiver of exemptions in complaint.*—If a waiver of exemptions can not properly be averred in a complaint containing only the common counts, as to which no opinion is expressed, the objection is not available on demurrer, but may be taken by motion to strike out,

[Golden v. Conner.]

or to exclude the waiver as evidence when offered, or to exclude its recital in the judgment.

3. *Failure to produce books or papers on notice.*—The failure of a party to produce, on notice, books or papers in his possession, authorizes the introduction of secondary evidence of their contents; but the court will not order their production.

4. *Partial payments on running account*—When partial payments are made on a running account, in the absence of special application by the parties, or circumstances showing a different intention, they will be applied to the charges in the order of time in which they accrued.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

This action was brought by M. Conner against L. H. Golden, and was commenced on the 28th December, 1886. The complaint, as copied in the transcript, contained a single count, in these words: "Plaintiff claims of defendant $203.18, due by account Oct. 1st, 1884, for goods and merchandise sold by (?) defendant during the year 1884, together with the interest thereon; and as to said amount, the defendant, to secure the same, waived his right of exemption secured to him under the constitution and laws, by writing under seal." At the May term, 1887, as the judgment-entry recites, plaintiff "asked leave of the court to allow him to add exemption counts; it is considered by the court that the amendment be allowed, and defendant excepts." Again, at the April term, 1888: "It is considered by the court that plaintiff is allowed to amend his complaint, and defendant excepts." The record does not show that any amendment was in fact made. At the April term, 1889, the defendant filed a demurrer to the complaint, on the ground that a waiver of exemptions in an instrument under seal could not be incorporated or joined with the common counts; and the demurrer being overruled, issue was joined on the pleas of *non assumpsit* and payment.

On the trial, as the bill of exceptions shows, the plaintiff offered in evidence his account against the defendant, and testified to its correctness; the debits amounting to $367.57, and the credits to $228.48, leaving a balance of $139.09 due to plaintiff. The first debit item, under date of January 5th, 1884, was, "one mule, two cows, and forty bushels of corn, $208.68"; and the other debits were small articles or quantities of merchandise, with the dates annexed when sold or advanced. The credits were for cash $34.46, paid October 25; one mule ($100), corn, cotton, and cotton-seed, Dec. 31st, aggregating $194.03. The plaintiff offered in evidence,

also, a mortgage for advances executed to him by the defendant, which, with the note secured by it, was dated January 5th, 1884, and recited an indebtedness of $208.68, due October 1st, 1884; and it contained a waiver of exemptions, not only as to the note, but for any other advances made during the year 1884. The plaintiff, testifying for himself, stated that the first item in the account produced was the same as the debt mentioned in the note; that the defendant was indebted to him for advances made during the year 1883, and on a settlement between them on the 5th January, 1884, a balance of $208.68 in his favor being ascertained, for which he held a mortgage on said mule, cows, and forty bushels of corn, he took said property in payment of that indebtedness, and sold it back to defendant at the same price, taking said mortgage as security for the price, as well as for future advances; and he offered the mortgage in evidence for the purpose of showing that the right of exemption was waived as to the items not embraced in the note. The defendant, testifying for himself, denied that he had sold the property to plaintiff, and bought it back again, as stated by plaintiff; and said that the consideration of the note was a balance due from him to plaintiff for advances made during the year 1883, with eighteen per cent. interest added. The defendant had served on plaintiff notice to produce his books, "wherein he kept the account against defendant for the years 1883–4"; and the plaintiff declining to produce his books, defendant asked the court "to compel their production." The court refused to do this, and the defendant excepted.

"This being substantially all the evidence," the defendant requested the following charges, and excepted to their refusal: (1.) "This suit is on an account for $208.68; and if the account introduced in evidence shows payments of that amount, or more, the jury will find for the defendant." (2.) "The suit is on an account for goods sold by plaintiff to defendant during the year 1884. If any portion of said account has already been liquidated by the note, the jury must deduct it in making up their verdict; and if the evidence shows that any payments have been made on said account, the amount of such payments must also be deducted; and if the payments have already been applied to said account, and nothing is due thereon, the jury must find for the defendant; and in determining how such payments have been applied, it is competent for the jury to look to the account offered in evidence by plaintiff." (3.) "In determining whether the

[Golden v. Conner.]

payments were applied to the note, or to the open account, it is competent for the jury to look to the account; and if the credits have been applied by plaintiff to the account, he is bound by it, and can not now apply the payments to the note; and in determining whether they have been applied to the note or the account, it is competent for the jury to look to the fact, if it be a fact, that the payments exceed the note, and plaintiff still retains the note." (4.) "The jury are not authorized to find for plaintiff on a bare preponderance." (5.) "If the evidence for each party is equally credible, and is in equipoise, the jury must find for the defendant."

The refusal of the charges asked, and the other rulings above stated, are now assigned as error.

GARDNER & WILEY, for appellant.

W. L. PARKS, contra.

CLOPTON, J.—It appears from the record, that the complaint, as originally framed and filed, counts upon an account for goods and merchandise sold to defendant during the year 1884, and also contains an averment of a waiver of exemptions. Though leave was twice granted by the court to the plaintiff to amend his complaint, the record does not show that any amendment was in fact made. We find nothing from which to determine whether the leave to amend was properly, or improperly granted; but, if erroneous, no amendment having been made, the error is without injury.

The purpose of the statute requiring a waiver of exemptions to be averred in the complaint is, that the defendant may join issue thereon, and controvert the fact. If his plea is limited to the mere denial of such averment, and his contestation is sustained, the only consequence is, that the judgment will not contain a recital of the fact of waiver; but the plaintiff may, nevertheless, have judgment for the debt and costs.—*Goetter, Weil & Co. v. Pickett*, 61 Ala. 387. If conceded that an averment of a waiver of exemptions can not be made in a complaint containing only the common counts, as to which we express no opinion, a demurrer to the complaint is not the proper mode to reach the objection. It is sufficient, without such averment, to support a judgment for the debt. The defendant may protect himself by a motion to strike out, or by objection to its introduction in evidence, or to the recital of the fact being incorporated in the judgment.

[Barnes v. Common.Council of Alexander City.]

There are circumstances and conditions under which the court will order the production of papers or books for inspection, but this case does not fall within the rule. While a failure or refusal by a party to a suit to produce writings or books upon notice, may produce a prejudicial effect in the minds of the jury, or the court, the legal consequence of such failure or refusal is to entitle the other party to give secondary evidence of their contents. The court will not order their production, to be used as evidence against the party having possession, and to whom they belong.—*Cooper v. Gibbons*, 3 Camp. 362; 1 Taylor's Ev. 138.

We do not see how any question as to appropriation of payments arises on the evidence. The account introduced in evidence by the plaintiff, and furnished defendant, is a running account, consisting of advances made and payments received, the debts and credits being blended; in such case, the different parts have no separate existence, but the balance only is considered due. All the items of the account seem to be equally secured by the mortgage given by the defendant to plaintiff, and there is no pretense that any special appropriation of the payments was made by either party. When payments are made on a running account, in the absence of special application by the parties, and of other circumstances showing a different intention, they will be applied to the charges in the order of time in.which they accrued.—*Harrison v. Johnston*, 27 Ala. 445; *Moses Bros. v. Noble*, 86 Ala. 407.

The charges requested by defendant are either abstract, argumentative, or misleading.

Affirmed.