# Birmingham Dry Goods Co. v. Bledsoe.

*Summary Proceeding against Sheriff for Failure to serve Writ of Subpœna.*

1. *Summary proceeding against sheriff; failure to serve subpœna; general affirmative charge properly refused when evidence conflicting.*—In a summary proceeding against a sheriff for failure to serve a writ of subpœna, where the evidence as to whether the defendant exercised due diligence in attempting to serve the subpœna, is in conflict, the movant is not entitled to the general affirmative charge in his favor.

2. *Same; measure of damages.*—In a summary proceeding against a sheriff for failure to serve a writ of subpœna, a charge which does not confine the jury in the assessment of damages within the limit prescribed by the statute, (Code of 1886, § 3106; Code of 1896, § 3774), but leaves them unlimited discretion in assessing the damages, is erroneous and properly refused.

3. *Same; charge to the jury.*—In a summary proceeding against a sheriff for failure to serve a subpœna, where the sheriff introduced evidence showing his excuse for such failure, a charge is properly refused which ignores such evidence.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. J. A. BILBRO.

The proceedings in this case were had upon a motion made by the appellant, the Birmingham Dry Goods Company, for a summary judgment against the appellee, B. F. Bledsoe, as sheriff of Blount county, for his failure to summons a witness as directed by a writ of subpœna issued out of the circuit court of Blount county.

The motion averred that there was pending in the circuit court of Blount county, a suit by the Birmingham Dry Goods Company against J. J. Griffith and J. R. Griffith, doing business under the firm name J. J. Griffith & Bro.; that during the June term of the circuit court, to-wit, on June 13, 1895, the plaintiff in said cause obtained from the clerk of said court a writ of subpœna for one Julius Griffith, a witness for the plaintiff in said cause; that this writ of subpœna was duly issued and placed in the hands of the sheriff on June 13, and that the sheriff failed to execute said writ of subpœna by serving the person named therein. To this motion the defendant filed a plea denying the allegations therein. Upon the hearing of the motion, the evidence of the movant tended to show that the cause of the Birmingham Dry Goods Company against Griffith & Brother was called June 13, 1895; that by reason of the absence of Julius Griffith, a witness for the plaintiff in said cause, the cause was continued until the next day; that thereupon the attorney for the plaintiff had the clerk issue a writ of subpœna for the absent witness, Julius Griffith, and said subpœna was delivered to the deputy sheriff of B. F. Bledsoe, who was at that time sheriff of Blount county; that said subpœna was returned with the indorsement that Julius Griffith had not been summoned; that Julius Griffith lived 7 or 8 miles from where the court was being held, and that the deputy sheriff was made conversant with the pressing necessity for the immediate service of the writ; that upon inquiry as to the failure to serve the subpœna, the

attorney for the plaintiff was told that it was not served because J. J. Griffith and his brother asked that Julius Griffith be not served.

The evidence for the defendant tended to show that immediately upon the issuance of the writ of subpœna for Julius Griffith, it was delivered to the deputy sheriff; that there were two other witnesses named in this subpœna, and that at the same time he delivered this subpœna, there was also delivered to the deputy sheriff a subpœna for one Byars; that the subpœna was served upon two of the three witnesses named therein, but not upon Julius Griffith; that Julius Griffith and Byars lived in opposite directions from the place where the court was being held; that after serving the subpœna issued for Byars upon him, the deputy sheriff started to the place where the witness Julius Griffith lived; that as he came by the place where the court was being held, he was told by the attorney for the plaintiff that the case had been disposed of, and thereupon he returned the subpœna as executed as to the other two witnesses but unexecuted as to the witness Julius Griffith.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence in this case, they will find the issue in favor of the movant, and you will then ascertain the amount which you believe under all the evidence would be a proper punishment for the failure to perform the mandate of the subpœna." (2.) "If the jury believe from all the evidence in the case that the sheriff returned the subpœna before the return day of the writ, and that at the time it was returned to the sheriff the subpœna had not been served upon the witness, Julius Griffith, then that would constitute negligence in law." (3.) "I charge you, gentlemen of the jury, that the sheriff's return upon the subpœna which has been introduced before you as evidence can not be disputed by him, if you are satisfied from the evidence that the return was made by the sheriff or his authorized deputies."

There were verdict and judgment for the defendant. The plaintiff appeals, and assigns as error the refusal of the court to give the charges requested by it.

32

R. T. ROBINETT and E. C. HALL, for appellant, cited, 3 Brick. Dig., 110, § 63 ; *Bush v. Glover*, 47 Ala. 167 ; *Hensley v. Rose*, 76 Ala. 373 ; *Eaton v. Fullett*, 11 Ala. 491 ; Murfree on Sheriffs, § 852.

INZER & WARD, *contra*.

HARALSON, J.—The duty of a sheriff is to execute and return with due diligence the process and orders of the courts of record of this State.—Code of 1886, § 810 ; Code of 1896, § 3739. For a failure to execute a summons, attachment or other *mesne* process, which, by due diligence he could have executed, he is liable to a summary judgment, for a sum not less than fifty nor more than five hundred dollars.—Code of 1886, § 3106 ; Code of 1896, § 3774. He is bound to make a reasonable effort to serve a summons, or execute any other process placed in his hands by the court ; and press of business is no excuse for his failure to do so. His business is, to provide himself with a sufficient number of competent deputies to enable him to execute the mandates of the court, within the time required by law.—*Hallett v. Lee*, 3 Ala. 28 ; 22 Am. & Eng. Encyc. of Law, 533 ; Murfree on Sheriffs, § 108. Subpœnas issued during term time, must be executed by personal service (Code of 1886, § 2774 ; Code of 1896, § 1805) ; and in order to do this, he must go, if necessary, to the residence of the party to be served.—Murfree on Sheriffs, § 120.

The 1st charge requested by movant was properly refused. It was the general charge in favor of movant,—improper, under the pleadings and evidence, since the evidence as to whether the defendant exercised due diligence in serving the subpœna was in conflict. It was subject to the further vice of leaving the jury unlimited discretion in assessing the damages, in case they found for movant, instead of confining them within the limits prescribed by the statute,—not less than $50 nor more than $500.

The 2d charge was also properly refused. It ignores the evidence of defendant tending to show his excuse for not serving the writ on the witness, the time when he returned it and his excuse for so doing. His evidence as to this matter was admitted without objection on the part of movant.

[Beasley *et al.* v. Howell, Admr.]

Nor was there error in refusing the 3d charge of movant. The evidence tended to show that the subpœna was returned on the 14th, instead of the 13th, and that before he returned it, plaintiff's counsel notified him that the case, in which the witness was desired, had been disposed of. No objection was interposed to this evidence; competent, certainly, to be considered to show diligence, in the absence of objection to its competency. The real question was, under the pleadings, diligence on the part of the sheriff in the performance of his duty in executing the writ, or the want of it. As we have said, there was no objection to the defendant's evidence offered and introduced to show his diligence, and no charge asked questioned the sufficiency of the evidence in this respect. With all the evidence introduced without objection to show diligence or the lack of it, that question was properly submitted, as appears, to the jury.

Affirmed.