# Steverson *v.* Agee & Co.

### Assumpsit.

(Decided November 18, 1915.   70 South. 298.)

1. **Discovery; Producing Documents; Common Law.**—At common law, the court was without authority, except in rare instances to require a party to produce documents or writing belonging to him and in his possession for the benefit of the adverse party, the only recourse being by bill in equity for a discovery.

2. **Same; Statute; Showing Materiality.**—Under § 4058, Code 1907, where defendant moved to require plaintiff to produce at the trial a ledger, but

[Steverson v. Agee & Co.]

offered no evidence tending to show that if the ledger was produced it would contain evidence material to the issue, it was proper to deny the motion, since courts are not required to afford a party a fishing examination to determine by an inspection of his adversary's papers whether they contained beneficial evidence; it being required that it satisfactorily appear that the books and documents contain pertinent evidence as a prerequisite to granting such a motion.

3. **Witnesses; Examination.**—It is not error to sustain objection to questions unintelligible in part.

4. **Same.**—Where the action was in assumpsit, and it was defended on the theory that plaintiff was indebted to defendant for converting lumber belonging to defendant, and a witness for defendant had testified that he worked at turning logs at the sawmill of the person under mortgage, from whom defendant claimed, an objection to the question to a witness seeking to ascertain if there was anything to hinder him from seeing what was done with the lumber while turning logs, was properly sustained. If the witness saw what was done with the lumber it might have been permissible for him to have stated it, but the fact that there was nothing to hinder him from seeing was immaterial unless he testified that he did see, and in the event that he so testified, unless plaintiff offered impeaching testimony tending to show obstructions whereby he could not see.

5. **Same.**—In such case an objection to a question whether such witness had any instructions to keep logs separated, or just put them together, was properly sustained, there being nothing to show what facts material to the issue such question sought to elicit.

6. **Appeal and Error; Review; Record; Matters Reviewable.**—Where the trial court properly sustained objections to a question, and the questioner made no showing as to what facts material to the issue he expected to elicit thereby, such party cannot in his brief on appeal inform the appellate court so as to make the action of the court below erroneous.

7. **Evidence; Expert; Qualification.**—In the absence of a showing of the experience of the witness in such matters, or of his knowledge of the location and identity of the land, a question to such witness as to how much timber there was on a certain piece of land, in the judgment of the witness, was properly sustained, as there was nothing shown to warrant the conclusion that he was capable of forming a judgment as to the particular matter inquired about.

8. **Same; Hearsay.**—Where the action was assumpsit defended on the ground that plaintiff had converted defendant's lumber, the exclusion of certain way bills alleged to have been issued by a railroad was proper, on the ground that they were hearsay.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. THOMAS W. WERT.

Action by Agee & Co. against J. M. Steverson. Judgment for plaintiff, and defendant appeals. Affirmed.

The defense was the general issue, and that at the time this action was commenced plaintiff was indebted to defendant in the sum of $2,500, due from plaintiff to defendant for about 25,000 feet of lumber, which plaintiff had converted to its own use, and

on which defendant had a mortgage given by Paul Rich, which latter defense is stated in various ways by way of recoupment and set-off. Notice was served on plaintiff to produce certain ledgers, waybills, bills of lading, and any other evidence in writing in their possession, touching or concerning all lumber manufactured by Paul Rich during the years 1909, 1910, or all books and papers showing where any transaction was entered into between plaintiff or either of them, and any person, firm, or corporation during the years 1909-10, with which said Paul Rich had anything to do directly or indirectly.

P. O. STEVENS, GEORGE A. SORRELL, and RIDDLE, ELLIS & RIDDLE, for appellant. J. W. NOLEN, for appellee.

THOMAS, J.— (1) While the common law afforded a remedy or means, known as a "subpœna duces tecum" (a matter now regulated largely by statute in this state—Code 1907, §§ 4060, 4061) for enforcing persons not parties to the suit to produce in court, to be used as evidence at the trial, documents or writings in their possession that were material to the issue between the parties, litigant, yet the law refused to compel, except in rare instances, as pointed out in 23 Am. & Eng. Ency. Law (2d Ed.) 169, either party to the suit to aid the other in the conduct of the suit or its defense by producing such documents or writings that belonged to himself. The opposite party, it is true, might issue to the other a notice to produce at the trial such writings or documents that were in his possession and belonged to him; but, if the latter failed or refused to do so, the only legal consequences of such failure or refusal (aside from the probable prejudicial effect against him which his act might have on the minds of the court and jury) were to entitle the opposite party to give secondary evidence of the contents of such documents or writings. But the court was at common law without authority, except in the rare instances referred to, to order or compel either party to the suit to produce for the benefit of the other party, documents or writings belonging to him and in his possession. The only recourse was a bill in equity for discovery.—32 Am. & Eng. Ency. Law (2d Ed.) 169; 6 Ency. Pl. & Pr. 728; *Golden v. Conner,* 89 Ala. 598, 8 South. 148; *Virginia & Alabama Mining & Mfg. Co. v. Hale,* 93 Ala. 542, 9 South. 256; *Ex parte Baker,* 118 Ala. 193, 23 South. 996.

(2) With a view to providing a more speedy and less expensive remedy than by proceedings in chancery, though that remedy still exists (6 Ency. Pl. & Pr. 738), sections 4058 and 4059 of the Code were enacted, which provide (section 4058) that: "In the trial of actions at law the court may, on motion and due notice thereof, require the parties to produce books, documents, or writings in their possession, custody, control, or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceedings in chancery."

And (section 4059) that: "If a plaintiff fails to comply with such order the court may, on motion, give the like judgment for the defendant as in cases of nonsuit; and if the defendant fails to comply with such order the court may, on motion, give judgment against him by default."

It will be observed that under the quoted sections the conditions named as precedent to the exercise by the court of the power and authority there conferred are: First, a motion to require the production of such books, writings, or documents (*Birmingham Dry Goods Co. v. Bledsoe*, 117 Ala. 495, 23 South. 153) ; second, notice of the motion to the opposite party; third, that such books, documents, or writings "contain evidence pertinent to the issue (*A. G. S. R. R. Co. v. Taylor*, 129 Ala. 238, 29 South. 673) ; and, fourth, that such opposite party has the possession, custody, or control of, or power over such books, etc. (*Goss v. Weiman*, 5 Ala. App. 404, 59 South. 364). When these conditions exist, then the court "may, in cases and under circumstances" where a chancery court would compel production, do so under the statute.

The court in the present case refused a motion of defendant to require the plaintiff to produce at the trial a certain ledger, which, it was alleged, showed certain transactions between plaintiff and a third party (one Rich), and which, by reason thereof, it was alleged contained evidence material to the issue. As will appear from the opinion on a previous appeal of this case, as reported in 9 Ala. App. 389, 63 South. 794, under the style of Steverson v. Agee & Co., the only issue in the case arose under defendant's pleas of set-off—the correctness of plaintiff's account that was sued on being practically admitted by defendant, who sought to defeat recovery merely by setting up as a set-off that plaintiff, with notice of defendant's lien, had converted certain

[Steverson v. Agee & Co.]

lumber belonging to defendant under a mortgage against said Rich. Plaintiff admitted that Rich had sold lumber from time to time to Johnson & Co., lumber dealers, who by direction of Rich paid the proceeds thereof to plaintiff, who is a grain dealer, as a credit on his account against Rich, and plaintiff had on hand at the trial books and papers, which he produced, showing the dates and amounts of these credits. The only dispute in the case was as to whether or not this lumber—the proceeds of which plaintiff received—was or not lumber covered by defendant's lien.

The defendant, in support of his motion to require plaintiff to produce the ledger mentioned, offered no evidence whatever tending to show that, if said ledger were produced, it would contain any evidence material to the issue mentioned, which, as said, was the sole controverted issue in the case. One of the plaintiffs, however, called as a witness for defendant, testified under oath to facts which, if true, showed that the ledger, if produced, would contain no evidence pertinent to such issue, but that the witness had on hand ready to produce at the trial all the books, papers, etc., that he produced at the previous trial in response to a similar notice from defendant and which defendant accepted then as a sufficient compliance with the notice; that the ledger mentioned was in plaintiff's office at Birmingham, a considerable distance from the place of the trial (Dadeville). Defendant now urges that, notwithstanding this testimony of the witness, if the ledger mentioned were produced, it might show that the witness had falsified.

In answer to this contention, we will say that courts are not required to grant a motion to produce books, documents, or other writings merely for the purpose of affording a fishing examination—merely to give the movant an opportunity of discovering by an inspection of them whether or not they contain evidence beneficial to him.—23 Am. & Eng. Ency. Law (2d Ed.) 179; 6 Ency. Pl. & Pr. 792. As a prerequisite to the granting of the motion, it must satisfactorily appear to the court that such books, etc., do in fact contain evidence pertinent to the issue. It does not so appear in this case, and the ruling of the trial court will not, therefore, be disturbed. See 23 Am. & Eng. Ency. Law (2d Ed.) 166 et seq., and 6 Ency. Pl. & Pr. 728 et seq., where the subject is fully discussed; also the following Alabama authorities, to-wit: *McDuffie v. Collins Bros.*, 117 Ala. 487, 23 South. 45; *A. G. S.*

*R. R. Co. v. Taylor, supra; Ex parte Baker, supra; Golden v. Conner, supra; Virginia & Alabama Mining & Mfg. Co. v. Hale, supra; Rarden v. Cunningham,* 136 Ala. 263, 34 South. 26; *Goss v. Weiman, supra.*

(3) The court committed no error in sustaining plaintiff's objection to the following question propounded by defendant to plaintiff's witness Agee: "Did he [Rich] promise you then and there to have that—to saw that lumber and ship it up there to Johnson & Co?"

The question is in part unintelligible.

(4) R. C. Armstrong, introduced as a witness for defendant, after testifying that he worked at Rich's sawmill during a part of the time in question by turning logs, was asked by defendant: "When you were turning logs, what was to hinder you from seeing what was done with that lumber?"

If the witness saw what was done with the lumber, it might have been admissible for him to have so stated; but the fact that there was nothing to hinder him from seeing was entirely immaterial, unless he had testified that he did see, and unless, in such event, plaintiff had offered impeaching testimony tending to show that by reason of obstructions he could not see.

(5, 6) The court likewise committed no error in sustaining the plaintiff's objection to the following question propounded by defendant to said witness: "Did you have any instructions to keep any logs separated, or just put them all together?"

Instructions from whom, or from what person, the question fails to disclose, and we are not enlightened by anything in the record as to what facts material to the issue defendant expected to elicit by the question. He endeavors in his brief to inform us, but this is unavailing.

(7) Nor was the court in error in sustaining plaintiff's objection to defendant's question to the witness Robinson, "How much timber on this land to the acre, in your judgment?" since it does not sufficiently appear that the witness' experience in such matters, or that his knowledge of the location and identity of the land was such as to make him capable of forming any judgment in the particular inquired about. However, it appears that the witness subsequently answered the question when on cross-examination he stated: "From 10 inches up the timber I saw on the land would average 6,000 or 7,000 feet per acre. I did not count the trees to the acre. I just saw the timber passing by."

(8) The court committed no error in sustaining plaintiff's objection to the introduction in evidence by defendant of certain waybills alleged to have been issued by the Central of Georgia Railroad Company.—*Western Union Tel. Co. v. Hawkins, infra,* 70 South. 12.

We find no reason for disturbing the action of the court in overruling defendant's motion for a new trial.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738.

We have discussed the only errors urged in brief. As we find none, the judgment appealed from is affirmed.

Affirmed.