200 So. 783

### Ex parte HART et al.

6 Div. 791.

Supreme Court of Alabama.

Feb. 27, 1941.

644

Smith, Windham, Jackson & Rives and Leader, Hill & Tenenbaum, all of Birmingham, for respondent.

Lange, Simpson, Brantley & Robinson and Reid B. Barnes, all of Birmingham, for petitioners.

Thos. S. Lawson, Atty. Gen., John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., and George Lewis Bailes, Sol., and Burgin Hawkins, Asst. Sol., both of Birmingham, for the State, amicus curiæ.

BOULDIN, Justice.

■ Section 7774 of Code of 1923 deals with the production of documents under the control of a party to a suit at law for use as evidence by the opposing party. In such case, the court, on motion of the party desiring the production of such document in possession of the opposing party, may after notice require the production of a document "which contain[s] evidence pertinent to the issue."

In Steverson v. Agee & Co., 14 Ala.App. 448, 70 So. 298, the Court of Appeals, in a well-considered opinion by Judge Thomas, reviewed the history of this statute, defined its purpose and field of operation, in the light of the common law, with citation of authorities.

In Alabama Great Southern Railroad Co. v. Taylor, 129 Ala. 238, 29 So. 673, 675, this statute was construed by this court. The action was for damages for destruction of property by fire alleged to have been communicated by the negligent operation of a locomotive. The plaintiff moved to require the defendant to produce the written report of its engineer touching the operation of the locomotive. This court said: "The report made to the defendant by its engineer was prima facie not evidence for either party. Culver v. [Alabama Mid.] R. Co., 108 Ala. 330, 18 So. 827. That it might have been used to contradict the engineer if he had denied its contents did not bring it within section

1859 of the Code, which provides for compelling the production of writings 'pertinent to the issue.'"

In Culver, Adm'r. v. Alabama Midland Railway Co., 108 Ala. 330, 18 So. 827, 830, similar reports were called for by statutory interrogatories for discovery at law, now Code, § 7764, we quote: "The defendant answered that the engineer and section foreman (giving their names) made unsworn reports of the injury to the deceased, in accordance with the rules of the company, but such reports were made for the private information of the company, were its private property, and the defendant declined to attach the same to its deposition. Section 2816 of the Code of 1886, which authorizes either party to propound interrogatories to the adverse party, contemplates the eliciting of legal evidence, facts which tend to support the claim of the plaintiff or the line of the defense. Unsworn ex parte statements of persons not parties are mere hearsay, and prima facie inadmissible. These reports, made subsequent to the injury, were not competent as original evidence for any purpose. The reason assigned for withholding the reports may not have been sufficient if the reports contained competent evidence, but the withholding of statements which were not admissible as evidence gave the plaintiff no right to move for a judgment by default."

In the instant case we are concerned with the production of documents in the possession of third persons, not parties to the suit for use on the trial of a case at law, through a subpoena duces tecum.

■ This process was known at common law; literally, "subpoena"—command under penalty; "duces tecum"—you bring with you.

■ "A subpoena duces tecum is a process or writ whereby a court, at the instance of a suitor, commands a person who has in his possession or control some book or paper which is pertinent to the issues of the pending controversy to attend and produce it for use at the trial." 70 C. J. p. 48, § 32.

■ At common law it was issued on order of the court, not by a clerk, or other ministerial officer. 70 C.J. p. 48, § 34.

■ Whoever could be a witness could be compelled by this process to attend with papers desired in connection therewith.

646

■ The common-law rule that a party to the suit was not subject to this writ seems to have grown out of the other common-law rule that a party was incompetent as a witness by reason of interest. 70 C.J. p. 49, § 36.

■ Touching the showing to be made on application for such writ, it is written: "On a motion or application for a subpoena duces tecum at least where its issuance is opposed or the rightfulness thereof assailed, it must be made to appear that the evidence which the books or papers of which production is asked will furnish is competent, and relevant and material to the issues before the court. * * * Facts which will enable the court to judge of the relevancy and materiality of the documents must be stated." 70 C.J. p. 52, § 39.

■ The witness upon whom such writ was served had the right to question its validity and his legal duty to comply therewith; to that end application was made to the court to vacate it; and on such hearing it was proper for the court, to consider, among other things, whether the document "is prima facie. sufficiently relevant to justify enforcing its production; but the subpoena should not be quashed or set aside, on the ground that the evidence called for by it is not relevant or material, in a close or doubtful case, but only where the futility of the process to uncover anything useful or legitimate is inevitable or obvious." 70 C.J. p. 55, § 42.

With this background we consider Section 7776 of the Code of 1923, providing for the issuance of a subpoena duces tecum for a witness not a party to the suit.

■ This section looks to the issuance of this process to produce any "document which it may be necessary to use as testimony." The word "testimony" usually signifies statements of a witness testifying before the court. As used in this statute it obviously means "evidence."

■ The clerk, a ministerial officer, is empowered to issue the process, impliedly on information of the party applying therefor.

■ The following section 7777 is an enforcement statute; provides for attachment of the witness on noncompliance, for bringing him before the court, there to present his excuse, if any, for noncompliance. Both sections are largely, if not wholly, procedural, designed in a proper case, to have the documents in court when the cause comes up for trial.

Section 7776 concludes: "But in all cases the judge may require the summary production of any book or document by subpoena duces tecum, where the witness is able to produce it, and where the ends of justice require such summary production."

■ This is in recognition of the inherent power of the court as at common law.

■ It does not purport to refer to any other or different class of document than that defined in the same section to be brought in by process issued by the clerk. A document, which may become material evidence on some issue in the cause, may be produced by such process issued on order of the court where, under the circumstances, the ends of justice require it.

■ There can be no sound reason for requiring an outside party, having no concern with the litigation, to bring in his private documents for the use of litigants, other than like documents in the possession of the parties themselves.

■ We think the harmony, reason and purpose of the law is attained by holding that Sections 7764, 7774, and 7776, all look to bringing in the same class of papers, books or documents, namely, such as themselves are or in course of the trial may become relevant and material evidence upon one or more issues in the cause.

The State of Alabama v. Massey, the cause in which the subpoena duces tecum was issued by the clerk, presented but one issue, namely, the value of a parcel of real estate, a corner lot in Block 86 in a specified plat in the City of Birmingham, comprising some one-twentieth of that block.

The subpoena was directed to petitioner, the executive officer of Birmingham Real Estate Board, and ordered the production of written appraisals made by certain members of the Board who were to be used by the State as expert witnesses on value.

These appraisals were the private papers of the Board, and covered other properties over a wide area. (1) Appraisals of any property in block 86; (2) appraisals of any property in 6 blocks adjacent to or cornering opposite to 86; (3) appraisals of any property in 78 blocks in a general district.

All appraisals made within 1 year, 3 years, 5 years, 10 years, and finally 15 years, were called for.

Obviously, these appraisals of other properties, mere hearsay, and wholly without the issue on trial, were not and could not become legal evidence touching the value of the property in hand.

It is insisted these appraisals may be necessary and proper on cross-examination of these expert witnesses for purposes stated in brief to be:

"(a) To establish the competency or incompetency of the witness to testify as an expert.

"(b) To refresh the recollection of the witness.

"(c) To impeach the witness' qualifications as an expert."

The wide range of cross-examination of expert witnesses permissible in the search for truth, dependent in much on the nature or subject of expert testimony, we do not question, nor here re-define. Whether, in any contingency, these appraisals could go before the jury in connection with the cross-examination of the witnesses, we need not inquire.

Under the principles and authorities hereinbefore discussed, including our own decisions, we conclude these documents were not such as the witness should be required to produce by subpoena duces tecum. A fishing expedition is disfavored. It was entirely fitting to bring the matter before the court in advance by motion to quash, and not await an attachment of the person of the witness. 70 C.J. p. 55, § 42 (11).

Much evidence on the hearing was directed to the matter of time and labor required to assort and locate the documents called for among the mass of appraisals.

Such matters, generally speaking, are not permitted to prevent the production of material evidence essential to the administration of justice. However, justice to all concerned, including the witness, or the owner of private documents, may be considered in passing upon whether a document is of such evidential value as to demand its production. A judicial discretion is recognized on this line, but not touching documents not legally subject to such process.

When the constitutional guaranties against unreasonable searches and seizures enter the picture, we need not consider. We merely cite Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652; Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786, in connection with this inquiry, when occasion arises.

Petitioner is entitled to the writ of mandamus, as prayed. Same will issue on request of counsel, unless the respondent as special Judge, shall enter the proper order, upon advice of this opinion.

Mandamus granted.

GARDNER, C. J., and FOSTER and LIVINGSTON, JJ., concur.