BOWEN W. SIMMONS, Supernumerary Circuit Judge.
Appellant-defendant was tried in Recorder’s Court of the City of Decatur and convicted of driving while intoxicated in violation of a city ordinance. He appealed to the County Court where a jury again convicted him on the same charge. Fine $100.00. The trial court added sixty days imprisonment in the City of Decatur Jail as additional punishment. He appealed to this court.
The record contains forty-six assignments of error. We will consider those which appellant’s counsel argues.
ASSIGNMENTS 1, 2, 3, and 4:
Assignment 1 is argued. Appellant adopts this argument in support of the other three.
Defendant caused a subpoena duc-es tecum to be issued and served, requiring appellee to produce a photo electric intox-imeter device and supplies at the trial. This subpoena it appears was belatedly filed and served. Just before trial, on motion of the City, the subpoena was quashed and the City relieved of any obligation to comply therewith.
Title 7, Sections 426 and 489, Code of Alabama, Recompiled 1958, mandates the production of books, papers, deeds or documents for use in the trial of a case. A device or supplies therefor are not included. Ex parte Hart, 240 Ala. 642, 200 So. 783; Steverson v. Agee and Company, 14 Ala.App. 448, 70 So. 298.
The device, the subject of the subpoena, as we understand, weighed about twenty-four pounds and had very sophisticated and delicate mechanism and operational features. Maladjustment of the mechanism by movement of the machine would likely follow if moved.
Defendant, in the cross-examination of the prosecution’s witness who had charge of and operated the intoximeter, adduced ample and informative evidence as to the operation of the device and the use of certain supplies. We do not think he suffered any injury by the absence of the device, or that the jury would have been further enlightened by its presence. The ruling of the court on the motion to quash was free of error.
ASSIGNMENT NUMBER 5:
Appellant here complains that the trial court “erred in receiving and admitting into evidence the purported Code of the City of Decatur without prior proof of publication as such item of the Code of the City of Decatur.”
As we view the record, appellant asserts that the introduction of the printed Code of appellee and its admission was error in the absence of proof of publication.
It appears that Title 7, Section 369, Code 1940, is a combination of Sections 1259 and 3989, Code 1903, and that these Sections appear separately in Code 1923, having been combined in Code 1940, Section 360, supra.
The record before us shows that the City of Decatur asked leave of the court to withdraw the Code and substitute a copy in evidence of the particular Section 25-29, here involved, which is the D.W.I. ordinance.
Thereupon defendant objected, “Not on the grounds of the Section being substituted in evidence, our objection is that there is no basis or notice of publication of the Code and that there has been no foundation for it.”
Thus it appears that defendant “acquiesced in (indeed, expressly eschewed objection to) the withdrawal of the Code as a whole and the substitution of a particular Section for it . ” The court had an opportunity to see the Code and pass upon its admissibility pursuant to Title 7, Section 369, Code 1940, supra. We are unwilling, in the state of the record, to hold that the *176 ruling of the Court was erroneous: The record here does not show the Code. The ruling of the court so far as we are informed was free of error.
ASSIGNMENTS 6, 7, 9, 10, 11, 15, 20, 21; 25 and 30:
This assignment (6) asserts that the trial court erred in overruling defendant’s objection to a question asked the witness Sharp, upon direct examination by the solicitor for the City: “What was the result of the test you ran on Mr. Patton?”
It is noted that the witness Sharp conducted the breath test on defendant by use of the Photo Electric Toximeter, to determine thereby the extent of defendant’s intoxication or if he was under the influence of intoxicating beverages while driving his motor vehicle.
Appellant contends that the City failed to prove or that witness Sharp, the operator of the Toximeter, used a device designated by the law enforcement agency, namely the police department of the City. Section (a) Act 699, Vol. II, Special and Regular Sessions, 1969 and 1970, page 1255, provides inter alia, “The law-enforcement agency by which such officer is employed shall designate which of the aforesaid tests shall be administered.” (Blood, breath, or urine).
The witness testified on direct that the Decatur Police Department by which he was employed directed him to use the Photo Electric Intoximeter that he used when testing defendant.
In support of his objection to the question, supra, defendant further asserts that there is no proof that the methods employed by the witness, a veteran police officer of the City had been approved by the State Board of Health.
The witness testified that he had a license, issued by the State Board of Health, to operate the Photo Electric Intox-imeter.
This issuance is authorized by Act 699, Section 2(b) which provides that:
“Chemical analyses of the person’s blood, urine, breath to be considered valid under the provisions of this section shall have been performed according to methods approved by the state board of health and by an individual possessing a valid permit issued by the state board of health for this purpose. The state board of health is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the state board of health.”
It appears, supra, that the witness was competent to administer the breath tests on Mr. Patton.
The only methods that the witness was authorized to use under his license were the methods which the State Board of Health approved. This license embraced a rebut-table presumption that the licensee, Officer Sharp, in administering the test to defendant, knew and used methods and techniques approved by the State Board of Health.
ASSIGNMENTS 33, 38, and 39:
Appellant here asserts that the trial court erred in overruling his motion to exclude Officer Sharp’s testimony.
This contention has no merit. The evidence of this witness was quite material to the issues. The motion was correctly overruled.
ASSIGNMENT 42:
Appellant contends that the trial court erred in adjudging him guilty of driving while intoxicated.
This contention is also without merit. The trial court adjudged the defendant guilty pursuant to the jury’s verdict which was supported by competent evidence, both by the arresting officers and the officer who administered the breath test.
ASSIGNMENT 44:
The motion to arrest that judgment was correctly overruled. The record and evidence discloses defendant committed the *177 offense charged, namely, driving while intoxicated.
ASSIGNMENT 46:
Appellant asserts that the trial court erred in ordering and requiring defendant, after notice of appeal with suspension of sentence, to surrender his driver’s license to the clerk of the trial court.
This was a post-judgment order and is not reviewable in this appeal. It was not error, if such was the case, to reverse the judgment or to remand the cause'.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
The judgment below is hereby
Affirmed.
All the Judges concur.