HATTER vs. EASTLAND.

1. The act of February 11, 1850, confers upon a judge of probate power to "grant" a certiorari; and when the writ is issued and signed by him, it is operative as his fiat, even if he has no authority to issue it.

2. The writ of certiorari itself is simply the means by which the case is removed to the Circuit Court, and it may be dispensed with by the parties without affecting the jurisdiction of the court.

3. When the plaintiff files his statement in the Circuit Court, and continues the cause, it is an admission on his part that he is rightly in court, and he cannot afterwards object to the certiorari.

ERROR to the Circuit Court of Pickens.
Tried before the Hon. B. W. HUNTINGTON.

NICOLSON, for plaintiff in error.
E. W. PECK, *contra.*

GOLTHWAITE, J.—It is true, that the original jurisdiction of the Circuit Court, in civil cases, is limited by the 6th section of the 5th article of the constitution, to amounts exceeding fifty dollars; but the legislature has conferred upon it appellate jurisdiction in cases under that amount, and all that is necessary to authorize the Circuit Court to try a case under fifty dollars, so far as the mere question of authority is concerned, is the fact that it is brought before it from the inferior tribunal, and was first determined there. In the present case, the record shows that the amount was under fifty dollars; that suit was commenced before a justice of the peace, and a judgment rendered by him; that the defendant applied to the probate judge, and on petition obtained from him a *certiorari* directed to the justice, requiring him to send up the papers in the case, &c., to the Circuit Court. A bond was given; the papers and transcript of the judgment were sent up; and the record also shows, that the plaintiff, after filing the statement required by law, continued the case upon affidavit.

Conceding that the judge of probate had not authority to issue the writ of *certiorari*, yet the power is expressly conferred upon him by the act of 11th of February, 1850, (Acts 1849–50, p. 25 § 11,) to grant the writ, and the *certiorari* signed by him is operative as his *fiat.* The writ itself is simply the means by which the case is removed to the Circuit Court, and it may be dispensed with by the parties without affecting the jurisdiction of the court. The filing of the statement, and the continuance of the case by the plaintiff, was an admission on his part that the case was rightly in court, and after that, he should not have been allowed to object to the *certiorari.*

The judgment of the court in dismissing the case, and awarding a *procedendo* to the justice, was erroneous; and the judgment must be reversed and remanded.