## Lang *v.* Wilkinson.

*Bill in Equity to enforce Vendor's Lien.*

| 57 | 259 |
| 94 | 599 |
| 57 | 259 |
| 133 | 646 |

1. *Common source of title ; estoppel.*—A note, the foundation of the suit, is given by A payable to B, the consideration being part purchase of a lot in controversy, and the complainant's right to maintain the suit depends upon B's ownership and right to convey the lot, and the title upon which defendants depend is a deed made by B to C, in consummation of a contract of sale to A.—*Held :* All parties trace their title to a common origin, and therefore each is estopped from denying the right of B to convey.

2. *Vendor's lien ; transfer by agent ; oral agreement.*—If one purchases a lien note from the owner, or from his agent authorized to sell it, and receives the transfer properly made, the vendor's lien will accompany the note ; but only the party having the vendor's lien, or his agent duly authorized, can make a valid transfer of such lien. A lien on lands can not be created by mere oral agreement.

3. *Same ; transfer of purchase money note ; what undecided.*—When a sale and conveyance of lands are made, a transfer of the purchase money note, by mere delivery and without endorsement, does not carry with it the vendor's lien. Whether the same rule will apply when no deed is made, is not decided.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. B. B. McCRAW.

In February, 1871, Henry T. Wilkinson, appellee, filed the bill in this cause, against E. Lang, W. S. Paullin, and Martha Bailey, to enforce what he claimed was a vendor's lien upon a certain lot in Eufaula ; the promissory note upon which he claimed the lien was executed by defendant, Martha Bailey, October 9, 1862, and payable on the first of December thereafter to said Paullin. The note was given as a part of the purchase money for said lot which Mrs. Bailey, the maker of the note, purchased of said Paullin. The balance of the purchase money was paid through a Miss Whitcomb, afterwards Mrs. Vessels, and when it was so

paid, Paullin, at the instance and request of Mrs. Bailey, conveyed the lot to Miss Whitcomb, now Mrs. Vessels, who, after she received the deed from Paullin, and while in possession of the lot conveyed it to Mrs. Sheets and Mrs. Stammers. In January, 1869, Mrs. Vessels purchased one-half of said lot from Mrs. Sheets and Stammers, and took from them a warranty-deed. In 1870, Mrs. Vessels sold said lots to defendant, Lang, having previously mortgagèd them to one Shields—Lang satisfying the mortgage and taking a deed also from said Shields. The evidence, showing how Wilkinson got possession of the note from one Fields, which he claimed to give him a lien on the lot, is discussed in the opinion.

The chancellor decreed the complainant the relief prayed in the bill, and declared the note a vendor's lien upon the lot. From this decree defendants appealed, and now assign the same as error.

BUFORD & DENT, for appellant.—Wilkinson obtained the note through an agent from Paullin, named Fields. Such agent had no instructions except to collect the money due on the note, and while technically he did not violate any instructions, it is manifest he received no instructions except to collect the money. How could Wilkinson get a valuable right from Paullin without Paullin's knowledge or consent? Fields had no authority to transfer the note. The note was payable to Paullin without, and there was no written transfer or endorsement. Wilkinson holds, if at all, without any recourse on Paullin. He, therefore, did not acquire the vendor's lien.—*Hall's Executors v. Click*, 5 Ala. 363. In *Wells v. Morrow*, 38 Ala. 125, the assignment was in writing.

JAMES L. PUGH, contra.—The assignment of the note carried with it the vendor's lien.—*Wells v. Morrow*, 38 Ala. 125; *Roper v. McCook*, 7 Ala. 318; *Conner v. Banks*, 18 Ala. 42. The assignment need not be in writing. It is an incident of the debt, and where the debt passes it accompanies.—*Magruder v. Campbell*, 40 Ala. 611; *White v. Stover*, 10 Ala. 441.

STONE, J.—1. The note of Mrs. Bailey, which is the foundation of the present suit, was given and made payable to Paullin. The consideration of the note was part purchase of a lot in Eufaula. The complainant's right to maintain a suit rests, fundamentally, on Paullin's ownership, and right to sell and convey the lot. The title under which

[Lang v. Wilkinson.]

defendants defend, is the deed made by Paullin to Mrs. Vessels, in consummation of his contract of sale to Mrs. Bailey. So, all parties trace their title and claim to a common origin. It follows from this that, in this controversy each party is estopped from denying Paullin's right to sell and convey.—*Pollard v. Cocke,* 19 Ala. 188; *Brock v. Young,* 5 Ala. 584.

2. The first fact necessary to be shown by complainant to entitle himself to a recovery, is that he was and is the owner of the note declared on. Primarily the note was the property of Paullin. Is it shown that it was traded or transferred to Wilkinson? Paullin and Wilkinson were not brought together, and hence they had no personal dealings in regard to it. Wilkinson acquired the note from Fields. Fields received it from Paullin, with the authority, and only the authority to collect it. He had no authority to trade, or transfer it; and according to his testimony, he neither traded or transferred it, intentionally or knowingly. He received the money from Wilkinson, in the presence of Mrs. Bailey; having been sent for by her, that he might receive it. Not a word said about selling or transferring the note. With Fields, it was treated as a collection, and was a collection. It was so reported and accounted for by him to Paullin, his principal, and was so regarded by him. There is neither fact nor circumstance, tending to show that Paullin knew Wilkinson had any agency in the payment, or acquired thereby any right or claim to the note. Leaving out of view the testimony of Mrs. Bailey and Wilkinson, we are without proof that this was any thing more than a collection by Paullin through Fields, his agent. The making of the deed by him afterwards to Mrs. Vessels, when the balance of the purchase money was paid, is confirmatory of the other facts that this was considered and treated by Paullin as a payment of the debt. The only testimony offered against this view, is that of Wilkinson and Mrs. Bailey. The construction of this testimony most favorable to Wilkinson is, that he made the payment at the request of Mrs. Bailey, and agreed to hold the note for her accommodation, with a belief and agreement on their part that the lien on the lot for its payment should continue for his benefit. No written transfer of the note to Wilkinson was given or asked for. This must be treated simply as a contract between Wilkinson and Mrs. Bailey. If he acquired any lien on the land, he acquired it by virtue of his agreement with her. A lien on land can not be created by mere oral agreement. Only

[Hause v. Hause et al.]

Paullin, or his agent thereunto authorized, could transfer·· the vendor's lien; and neither of them did it, or had any notice it was desired. The agent had no authority to make any such transfer; and without authority, he could not do so. A contract is the concurring assent of two competent minds, to do or abstain from doing some specified lawful act, for a consideration deemed valuable in the law. If the two minds do not mutually understand each other,·and agree to the same precise thing, there is no contract.—*Sanford v. Howard*, 29 Ala. 684. If Wilkinson had purchased the note from Paullin, or from his agent authorized to sell it, and had received the transfer, properly made, the vendor's lien would have accompanied the note. He has failed to show such case, and his bill must fail.

3. In the case of *Hightower v. Rigsby*, 56 Ala. 126, we held that when a sale and conveyance of lands are made, a transfer of the purchase money note by mere delivery and without endorsement, does not carry with it the ven--· dor's lien. To the same effect is *Hall v. Click*, 5 Ala. 363. Whether the same rule will apply, when no deed is made,· as was the case when Wilkinson claims that his rights accrued, we need not now decide.

Nor need we inquire in this case whether Mrs. Vessels is shown to be a *bona fide* purchaser, so as to protect her and those holding under her against the equity claimed by the bill; or, whether there is, in this record, sufficient evidence to charge her with notice.—See *Hightower v. Rigsby, supra;* *Wells v. Morrow*, 38 Ala. 125.

The decree of the chancellor is reversed, and a decree here rendered dismissing complainant's bill.

