# Gladden *et al. v.* The American Mortgage Co.

### *Bill in Equity to Foreclose Mortgage.*

1. *When summons properly served on wife.*—When husband and wife are joined as defendants to a bill, the summons for the wife is properly served, not on her personally, but on the husband for her (Rule of Ch. Pr., No. 22), unless the suit relates to her separate estate, or unless they are living apart; and the presumption will be indulged, when the contrary is not affirmatively shown, that they are living together.

2. *Decree pro confesso not amendable on chancellor's bench notes, nunc pro tunc.*—A decree *pro confesso*, in regular form against husband and wife, can not be amended *nunc pro tunc*, so as to omit the name of the wife, on proof of the chancellor's "bench notes" ordering a decree against the husband, but not naming the wife.

3. *Mortgaged lands decreed to be sold; when reference to register not necessary.*—In decreeing the foreclosure of a mortgage, it is not necessary to first order a reference to the register to report how much and what part of the mortgaged lands shall be sold; it is sufficient if the decree directs the register to sell only so much as may be necessary to satisfy the decree, and such part as can be sold with least injury to the defendant.

APPEAL from Calhoun Chancery Court.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed by the American Mortgage Company, of Scotland, limited, of Edinburg, incorporated under the laws of Scotland, and doing business in Alabama, against the appellants, James A. Gladden and his wife, Martha Gladden, and prayed for the foreclosure of a mortgage executed to complainants by Gladden and wife, upon certain

lands therein described, belonging to the said James A. Gladden. The original return of the sheriff on the *subpœna* for the defendants was as follows: "Executed by handing the defendants, James A. Gladden and Martha Gladden a copy of the within on the 7th day of September, 1885." On the 12th October following a decree *pro confesso* was taken against both of the defendants, as shown by the minutes of the court; and, at the same term, a decree was entered referring the cause to the register to ascertain and report the amount due the complainants on the mortgage debt. At a subsequent term, April, 1886, a motion was made by the defendant, Martha Gladden, to amend the record, *nunc pro tunc*, by striking from the decree *pro confesso* taken October 12th, 1885, the name of said Martha Gladden, because she had never been served with a *subpœna* or other summons as required by law, averring that she had a good and valid defense to the cause of action stated in the bill. At the said April term, 1886, motion was made by the sheriff to amend his original return, so as to make it as follows: "Executed by handing the defendant James A. Gladden a copy of the within, and also a copy of the same to be handed to Mrs. Martha Gladden, on the 7th day of September, 1885." A motion was also submitted by the defendants asking that it be referred to the register to ascertain the value of the mortgaged lands, and report whether it was necessary to sell all, or what portion of the same, to satisfy complainant's decree. The cause being submitted for final decree on pleadings and proof, a decree was rendered in favor of the complainant for the amount of the mortgage debt found to be due, and, in default of payment, directing the sale of so much of the mortgaged lands as should be necessary to pay said debt and costs. From this decree the defendants appeal, and assign as error—1. The action of the court in overruling the motion of Martha Gladden to amend the record, striking her name from the record of the decree *pro confesso*. 2. In refusing to set aside said decree as to Martha Gladden. 3. In refusing the motion of reference to the register to ascertain and report whether it would be necessary to sell all of the mortgaged lands. 4. In rendering the decree *pro confesso* against Martha Gladden. 5. In rendering the final decree.

PARSONS, PEARCE & KELLY, and CALDWELL & CALDWELL, for appellants, cited *Tanner v. Hayes*, 47 Ala. 724; *Caffey v. Wilson & Gunter*, 2 Ala. 701; 9 Porter, 252; Freeman on Judgments, § 56; *Harris v. Billingsley*, 18 Ala. 438; *Farmer v. Wilson*, 34 Ala. 75; *Young v. Brockson*, 23 Ala. 684; *Glass v. Glass*, 24 Ala. 468. There is an irreconcilable conflict between section 3764 of the Code and the Rule of Practice 22.

[Gladden et al. v. The American Mortgage Co.]

The statute *requires personal service;* the Rule of Practice *ignores* personal service. Rules of Practice must be based upon and authorized by the statute.—77 Ala. 381; 72 Ala. 49.

ELLIS & STEVENSON, *contra.* No brief on file.

SOMERVILLE, J.—It is contended that the decree of the chancellor in this case should be reversed, among other reasons, because it is based on a decree *pro confesso* taken without proper service on Mrs. Gladden, who is a married woman, and one of the defendants to the bill, her husband being the sole remaining co-defendant.

The amended return of the sheriff shows that the summons or *subpœna* was served upon the husband for the wife, and not personally upon the latter. This is in precise accordance with Rule No. 22 of Chancery Practice, which provides that "married women may be made defendants by service of summons to answer upon their husbands, if residents and living together; if living apart, by personal service on each;" except where the separate estate of the wife is the object of the bill, and then the summons is required to be served on her personally.—Code, 1876, pp. 164–5. This rule is, in substance, the same as that which long prevailed under the English system of equity practice.—1 Dan. Ch. Pr. 445. It does not conflict with the provisions of the statute as embodied in sections 3763–64 of the present Code of 1876, which have reference to service upon other defendants than married women. The present suit has no relation to the wife's separate estate. The property conveyed by the mortgage sought to be foreclosed is the property of the husband, the only interest of the wife in it being a mere inchoate or contingent right of dower. The recitals of the mortgage, which is an exhibit to the bill, sufficiently show by admission the relationship of the defendants as husband and wife, and their residence in the State, without further proof of these facts. And while the service on the husband is authorized only when the husband and wife are residents and live together, the presumption is that they did live together and not apart, as marital duty, both moral and legal, harmonizing with general custom, would naturally dictate. We can not assume the contrary for the purpose of reversing the decree.

The record shows a regular decree *pro confesso* taken in due form against both of the defendants. This record can not be changed or dominated by the "bench-notes" of the chancellor, which show an order for such decree only against James A. Gladden, the husband. They are mere memoranda, which can not prevail against the more solemn and regular recitals of the amplified record. The motion to amend the decree *nunc pro*

[West. Un. Tel. Co. v. State Board of Assessment.]

*tunc* based on this evidence was properly overruled. If it had been sustained its legal effect would have been to strike out of a final decree, after adjournment of the court rendering it, the name of a material defendant, thus entirely annulling the force of the decree against a party whose rights had been adjudged after her day in court. This can not be done.

The chancellor properly refused to delay the cause by referring it to the register to report how much and what part of the mortgaged land should be sold to satisfy the mortgage debt. He pursued the usual and proper practice in directing the register to sell only so much of the land as was necessary to satisfy the decree, and which could be sold with least injury to the defendants. This was all the defendants had a right to ask, and dealt exact justice to all parties.

We discover no error in the record, and the decree is affirmed.