# Homer *v.* Schonfeld.

### *Bill in Equity to foreclose Mortgage of Land.*

1. *Mortgage of homestead; sufficiency of certificate of acknowledgment by wife.*—A certificate of acknowledgment, appended to a mortgage of the homestead, which states that the wife acknowledged that she "signed the same of her own free will, and accord, without fear, *constraint* or *threat* on the part of the husband," is a substantial compliance with the statute. (Code of 1886, § 2508, which uses the italicized words in the plural.)

2. *Same; inconsistent dates.*—Where the certificate is dated *August* 7th, but states that the acknowledgment was made on *September* 4th, the latter will be held to be the true date, and the certificate will be sustained.

3. *Decree of foreclosure; reference as to propriety of sale in parcels.* When there are infant defendants to a foreclosure suit, it is error to decree a sale of the land, without a preliminary reference to ascertain whether their interests require a sale in parcels; but, when all the defendants are adults, such reference is unnecessary unless a sale in parcels is demanded by them.

Appeal from Mobile Chancery Court.

Heard before the Hon. Thomas W. Coleman.

Hannis Taylor and Jno. R. Tompkins, for appellant. 1st. The acknowledgment to the mortgage was defective. *Sharpe v. Orme*, 61 Ala. 263; *Scott v. Simmons*, 70 Ala. 355; *Hood v. Powell*, 73 Ala. 171; *Motes v. Carter*, 73 Ala. 553; *Alford v. Lehman*, 76 Ala. 526; *Watson v. Mansell*, 76 Ala. 600; *Crain v. Nelson*, 78 Ala. 604; *Strauss v. Harrison*, 79 Ala. 324; *Gates v. Hester*, 81 Ala. 357; *Shelton v. Aultman*, in MSS. 2nd. The decree failed to refer the matter to the register to ascertain and report the interest of the wife in the property, and to make some provision for protecting her interest.—*Walker v. B'k of Mobile*, 6 Ala. 452; *Eslava v. Le Pretre*, 21 Ala. 504; *Walker v. Hallett*, 1 Ala. 379; *Fry v. Merchants' Ins. Co.*, 15 Ala. 810; Brick. Dig. vol. 2, 260; *Kelly v. McGrath*, 70 Ala. 75. 3rd. Consent

[Homer v. Schonfield.]

of the wife cannot be prospective.—*Hood v. Powell*, 73 Ala. 173; *Hudson v. White*, 52 Ala. 598; *Lord v. Folmar*, 57 Ala. 615; *Stubbs v. Cohen*, 64 Ala. 187; *Chadwick v. Carson*. 78 Ala. 120; Thompson on Homesteads & Exemptions, § 447,

OVERALL & BESTOR, *contra*. 1st. The acknowledgment is a substantial compliance with the statute. Such certificates receive a liberal construction.—*Gates v. Hester*, 81 Ala. 357; *Sharpe v. Orme*, 61 Ala. 263. The error of dates is evidently a clerical error. The certificate shows when the wife appeared before the justice. 2nd. The necessity of reference to register to ascertain if property cannot be more beneficially sold in parcels is limited to cases in which infants and persons of unsound mind are interested. 2 Ala. 415.

STONE, C. J. — This bill was filed for the foreclosure of a mortgage, made by William H. Homer and his wife, E. B. Homer. The mortgage has no subscribing witnesses. It is contended in defense that the premises purporting to have been conveyed were the homestead on which Homer resided with his family, and that the certificate of acknowledgment by the wife is not sufficient to divest the homestead title.

The mortgage bears date July 17, 1883. Following this is a certificate of acknowledgment by the husband, made before a justice of the peace, dated September 4, 1883, and certified by him, in strict compliance with the statute. Code of 1886, § 1802. No question is raised on the sufficiency of this certificate. Next follows a certificate made by the same justice of the peace—the only evidence offered of the voluntary signature and assent of the wife. Its language is: "I Edwin Tardy, a justice of the peace in and for Mobile county, do hereby certify that on the 4th, day of September, 1883, came before me the within named E. B. Homer, known to me to be the wife of the within named Wm. H. Homer, who being examined separate and apart from the husband touching her signature to the within conveyance, acknowledged that she signed the same of her own free will and accord, without fear, constraint, or threat on the part of the husband. In witness whereof, I hereunto set my hand this the 7th, day of August, 1883. Edwin Tardy, J. P. M. C." Comparing this certificate with the form given in the Code of 1886, § 2508, it will be observed that the words "constraint" and "threat" are used in the singular number, while the

[Homer v. Schonfield.]

form furnished has them in the plural. There is nothing in this. If there be no constraint or threat, there cannot be any constraints or threats. The absence of one is certainly the absence of more than one.

It is urged, however, that inasmuch as the mortgage in this case is without witnesses, and could not operate as a conveyance until it was acknowledged by Homer, the assent of Mrs. Homer was obtained at a time when there was no conveyance to assent to, and hence it was inoperative. We consider it unnecessary to decide this question.

The certificate has two dates. It first certifies that Mrs. Homer appeared before the justice September 4, "separate and apart from her husband," and then and there made the requisite acknowledgment. It then affirms that the justice made his certificate of such acknowledgment August 7, twenty eight days before the acknowledgment was made. This was an impossibility, and shows conclusively that a mistake was made. In construing such certificate we must have regard to the whole instrument; and in a liberal, rather than technical spirit, if the substantial provisions of the statute have been complied with, it is our duty to pronounce the conveyance valid. Deeds are interpreted most strongly against the grantor, *ut res magis valeat, quam pereat.* *Sharpe v. Orme* 61 Ala. 263; *Gates v. Hester,* 81 Ala. 357. We hold the second date is a mistake, and the one in the body of the certificate the true one.

In what we have said it is not our intention to impair our former rulings, nor to break down any of the safeguards the legislature has erected around the homestead,—*Scott v. Simons,* 70 Ala. 352; *Motes v. Carter,* 73 Ala. 553.

When by chancery decree a mortgage is foreclosed on lands which are susceptible of division, and there are infant defendants whose titles will be affected thereby, it is error to decree a sale, without first ascertaining whether or not the interest of the infants will be probably promoted by a sale in parcels.— *Walker v. Hallett,* 1 Ala. 379; *Walker v. Bank of Mobile,* 6 Ala. 452; *Fry v. Mer. Ins. Co.,* 15 Ala. 810. But there is no such rule when the defendants are adults, unless such proceeding is petitioned for, or is otherwise invoked, before a decree of sale is rendered. *Ticknor v. Leavens,* 2 Ala. 149; *Eslava v. Lepretre,* 21 Ala. 504; 2 Brick. Dig. 260, § 169; *Gladden v. Amer. Mortg. Co.,* 80 Ala. 270. The defendants in this case were adults, and no application was made in the court

[Dowdell et al. v. Empire Furniture and Lumber Co.]

below, raising such inquiry. It was not the duty of the court to move in this matter *ex mero motu.*

What we have said above renders all other inquiries immaterial.

Affirmed.