# Sheats *v.* Scott.

*Bill in Equity for Injunction and Cancellation of Mortgage.*

1. *Mortgage to secure advances of money paid for mortgagor; when modification binding.*—Where the surety on a bond executes a note and mortgage to his co-surety for the purpose of securing the latter, in the payment of one-half of a designated amount to be paid by him in effecting the compromise of a judgment rendered against them, and the plaintiff in said judgment declines to accept said amount, it is competent for

the mortgagor and mortgagee to modify the agreement so as to change the application of the money provided for by the note and mortgage; and upon the mortgagee subsequently effecting a compromise of said judgment by paying a larger amount than the sum stipulated in said mortgage, which was done with the mortgagor's consent and approval, said note and mortgage constitute a valid and binding obligation, and the consideration therefor did not fail and the mortgage thereby become extinguished when the first offer of compromise was rejected and the sum returned to the mortgagee.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellant, Charles C. Sheats, against H. B. Scott. It was averred in the bill that at the April term, 1896, of the United States Court, a judgment was rendered against the complainant and the defendant and others, as sureties on the official bond of one Olmstead, as postmaster at New Decatur, in favor of the United States for $3,362.31; that on April 25, 1898, the complainant executed a note to the defendant for $250, and secured the same by a mortgage upon certain real estate; that said note and mortgage were executed to secure the defendant for advancing for complainant the sum of $250 to be used in an effort to compromise the judgment which the United States had recovered against the sureties on said Olmstead's bond; that on April 28, 1898, the defendant, the said H. B. Scott, on behalf of himself and the other said sureties, submitted a proposition to the United States authorities to compromise said judgment by paying $500 and deposited in a bank, which was designated as the government's depository, the $500, besides the costs of the suit, $250 of which was for the complainant, and $250 was for the defendant, which was furnished or advanced by the defendant Scott on the note and mortgage which the complainant had executed to him for that purpose; that this proposition of compromise was declined and rejected, and the money that had been deposited for the purpose of effecting the compromise was ordered to be returned to the parties, and was returned to the defendant.

[Sheats v. Scott.]

It was then averred in the bill that by reason of the money to secure which said note and mortgage was executed having been returned to the defendant, there was a total failure of consideration to support the same, but that notwithstanding this fact the said defendant was threatening to foreclose the mortgage under the power contained therein, had advertised the property for sale, and unless restrained would sell said property.

The prayer of the bill was that an injunction be issued restraining the defendant from selling the lands conveyed in the mortgage, and that the defendant be required to surrender said note and mortgage and the same be cancelled and held for naught.

The defendant filed an answer to the bill and admitted that the facts stated therein were substantially true, but alleged that they were not all the facts relating to the transaction. He then averred in his answer that the complainant was indebted and his property heavily encumbered; that after the recovery of the judgment against the complainant and the defendant as sureties, it was agreed between the complainant and the defendant that the latter should take an active part in adjusting the compromise and that in accordance with this agreement, the plaintiff executed the note and mortgage for $250, in order to enable the defendant to raise that much money as the complainant's part and contribution of the proposition of compromise; that the defendant in accordance with said agreement obtained on said note and mortgage $250 which he procured to pay the agreed part of the complainant in the proposed compromise; that the first proposition of compromise was declined by the government authorities and one or two propositions of compromise were made by the defendant but were rejected; that finally the defendant received notice that the United States government would compromise the judgment for $1,000, and that this proposition was accepted by the defendant; that the complainant Sheats was kept advised of the various steps and negotiations for the compromise and approved of them; that he agreed to pay all the interest which the defendant was bound to pay in order to carry the

loan, based on the note and mortgage; that Sheats knew
of every step taken and heartily concurred therein, and
agreed with the defendant that the mortgage he had
given should stand as security for said $250 which was
to be used by the defendant in said settlement; that
said $250 raised by the defendant on the note and mort-
gage executed by Sheats was used by him in effecting
the compromise by the payment of the $1,000; that
Sheats pleaded his poverty, and stated to the defendant
that he was unable to pay more than $250; that since
the advertisement of the property by the defendant
for sale under the power contained in the mortgage, the
complainant had stated to the defendant that he would
raise the money and satisfy the claim, interest and costs.
Under the opinion on the present appeal, it is unneces-
sary to set out in detail the facts in the case.

On the final submission of the cause on the pleadings
and proof, the chancellor decreed that the complainant
was not entitled to the relief prayed for, and ordered
the bill dismissed. From this decree the complainant
appeals, and assigns the rendition thereof as error.

HARRIS & EYSTER, for appellants, cited *Bray v. Comer,*
82 Ala. 183; *Wilkerson v. Tillman,* 66 Ala. 532; 1 Jones
on Mortgages, § 360; *Gregg v. Banks,* 59 Ala. 311.

E. W. GODBEY, *contra,* cited 11 Amer. & Eng. Ency.
of Law, (2d ed.), 162; *Railway Co. v. Attalla,* 118 Ala.
362; *McQuiddy v. Ware,* 20 Wall. 14; *Kentucky Wagon
Co. v. Railway Co.,* 36 L. R. A. 855; *Meadors v. Askew,*
56 Ala. 583; *Owen v. Moore,* 14 Ala. 645; *Pierce v. Hun-
ter,* 73 Miss. 754.

SHARPE, J.—From the pleadings and evidence it
appears that the consideration upon which the note and
mortgage in question were given, was an agreement on
defendant's part to pay for complainant one-half of a
total of $500 in case an offer of that sum was accepted
in compromise of a judgment held by the government
against them and others as sureties on a postmaster's
bond. Defendant offered the $500 by placing it in
bank at the disposal of the government, but the offer

was declined and the money returned to him. Some months later he made a similar offer and deposit of $500 and of $62 additional to cover costs of the suit, but it was not accepted, and the sum deposited was refunded to him. After a year from the date of the note and mortgage and after they matured, he effected a compromise by paying $1,062 in settlement of the judgment.

Whether defendant was entitled to treat $250 of the sum he expended in the settlement as a sum secured by the mortgage has been the chiefly disputed question. It is not questioned that the preliminary agreement and defendant's undertaking to supply money was a sufficient consideration to uphold the note and mortgage originally, but complainant insists that the substantial consideration failed when the offer of $500 was rejected and that sum was returned to defendant, and that thereby the mortgage became extinguished.

It is immaterial that evidence was not directed to showing complainant's interest in the mortgaged property. Defendant by claiming it solely through complainant under the mortgage, is held to admit he has an interest.—*Sullivan v. McLaughlin,* 99 Ala. 69; *Lang v. Wilkinson,* 57 Ala. 259; *Bernheim v. Horton,* 103 Ala. 380; *Pollard v. Cocke,* 19 Ala. 188.

The original contract having only provided for a compromise at $500 had not effect to either bind or authorize defendant to commit the complainant to a borrowing of money to pay on a compromise at more than that sum. Though the increase of expenditure involved was borne immediately by defendant the change in amount was not immaterial to complainant; for in the absence of a release from the contribution which the law compels as between sureties, such change involved an increased liability on complainant for contribution.

It was, however, within the competency of the parties to modify the agreement so as to change the application of the money provided for by the note and mortgage by having it paid on the settlement as finally made. To have done so would not have been an attempt to substitute a different debt for the one secured, or a

new consideration for one that had failed, for before the money was actually paid to the government the debt intended to be contracted and secured, could not under the contract have come into existence.

As to whether there was such a modification the evidence is in conflict. By a majority of the court this question of fact is determined in favor of the defendant, and in consequence the decree will be affirmed.