# Middlebrooks *v.* Stephens.

## *Ejectment.*

(Decided June 30th, 1906.  41 So. Rep. 735.)

1. *Deeds; Acknowledgment; Sufficiency.*—After showing loss of the original deed, plaintiff offered a properly certified transcript of the record of the deed. Objection was made to its introduction because the acknowledgment was void. The acknowledgment was as follows: "I, M. S. and N. S., in and for said county, hereby certify that M. S. and N. S., whose names are signed to the foregoing conveyance, and who are known to me, acknowledged before me this day that, being informed of the contents of this conveyance, they exectued the same voluntarily on the day the same bears date. Given under my

[Middlebrooks v. Stephens.]

hand this 5th day of Jan. A. D. 1887. S. J. Cumming, N. P. Ex. Off. J. P." It was shown that S. J. Cummings was a notary public at the time the deed was signed, and that he was dead. Held, the acknowledgment was sufficient, and the court erred in refusing to admit transcript.

2. *Trial; Objections to Evidence; Waiver.*—The fact that defendant introduced a witness, who testified that she did not appear before the officer and acknowledge the deed, did not deprive appellant of his exception to the erronous ruling of the court in excluding the transcript.

APPEAL from Barbour Circuit Court.

Heard before HON. A. A. EVANS.

Action by W. T. Middlebrooks against M. C. Stephens. From a judgment in favor of defendant, plaintiff appeals.

This was an action to recover possession of a certain tract of land named in the complaint. The defendant, after showing the absence of the original paper, offered to introduce in evidence a properly certified transcript of a deed from M. K. Stephens and wife to B. F. Stephens, conveying the land described in the complaint. The plaintiff objected to the introduction of this paper because it was not self-proving; the certificate thereto being void. The court sustained the objection, and the defendant excepted. The certificate referred to was in the following language: "State of Alabama, Barbour County. I, M. K. Stephens and M. C. Stephens, in and for said county, hereby certify that M. K. Stephens and M. C. Stephens, whose names are signed to the foregoing conveyance and who are known to me, acknowledged before me this day that, being informed of the contents of this conveyance, they executed the same voluntarily on the day the same bears date. Given under my hand this the 5th day of Jan. A. D. 1887. (Signed) S. J. Cummings, J. P. ex-off. J. P." It was shown in the testimony that J. S. Cummings was a notary pubic at that time, and that he was dead.

PEACH, THOMAS & PEACH, and STEINER, CRUM & WEIL, for appellant.

[Middlebrooks v. Stephens.]

FOSTER, SAMFORD & CARROLL, for appellee.

HARALSON, J.—No case has arisen in this court which presents the exact question that arises upon the certificate of acknowledgmena to the deed of M. K. and M. C. Stephens to B. F. Stephens. Bearing in mind that a literal compliance with the statutory form is not necessary, and that acknowledgments should be liberally construed to the end that they may prevail rather than perish, if the court can fairly find a substantial compliance with the prescribed form, we are of opinion the acknowledgment is sufficient, and that the circuit court erred in excluding the deed.

Taking into consideration the whole certificate, including the signature of the officer, and the letters and abbreviations fairly importing his official character, we are satisfied that the names of the grantors first appearing in the certificate, were inserted by inadvertence or mistake, and that they may be excluded. When these names are thus removed, as they should be, there remains a good and sufficient acknowledgment, containing every essential of the statutory form. This is not the making of a new certificate, but is the mere correction of a clerical error, apparent on the face of the paper. It is not necessary to review the cases, although they have been examined, since we discover nothing in the previous decisions of this court which militates against the conclusion we reach.

After the erroneous ruling had been made and the exception duly reserved, the appellant did not lose the benefit of the exception by offering one of the grantors as a witness, who testified that she did not appear before the officer certifying the acknowledgment.

Reversed and remanded.

WEAKLEY, C. J., and DOWDELL, and DENSON, JJ., concur.