# Stephens *v.* Middlebrooks.

## *Ejectment.*

(Decided April 15, 1909.　49 South. 321.)

1. *Acknowledgment; Defective Acknowledgment; Admissibility of Certificate.*—The certificate of acknowledgment to a deed was not void because the names of the grantors were inserted or set out in the body thereof where the name and style of the officer taking it, should have appeared, and the certificate was signed at the bottom by the officer, and a certified copy of the record of the deed and certificate was admissible in evidence over such objection.

2. *Appeal and Error; Harmless Error.*—Errors in respect to issues found in favor of the party complaining is harmless error at most.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Ejectment by M. C. Stephens against W. T. Middlebrooks. Judgment for defendant and plaintiff appeals. Affirmed.

For former report of this case see 148 Ala. 230, 41 South. 735.

FOSTER, SAMFORD & CARROLL, and A. H. MERRILL, for appellant.—The fact that the oral charge of the court was in accordance with some of the written charges requested by the plaintiff does not relieve the error of the court in refusing such written charges.—*Snyder v. The State,* 40 South. 978; *Orr v. The State,* 117 Ala. 69. Counsel discusses the refused charges, but without citation of authority. Counsel also insist that the certificate to the deed was defective, but cite no authority in support thereof.

PEACH & THOMAS, and STEINER, CRUM & WEIL, for appellee.—The jury found for plaintiff as to part of

the land and the failure to give charges was without error.—*Brock v. Forbes,* 126 Ala. 319. The court properly refused charge 2.—*Kennedy v. Townsly,* 16 Ala. 239; *Trufant v. White,* 99 Ala. 526; *Campbell v. Bates,* 143 Ala. 338; *Driver v. King,* 145 Ala. 586. The court properly refused to give charge 4.—*Anniston City L. Co. v. Edmundson,* 40 South. 505; *Lawrence v. doe ex dem.,* 41 South. 612. Counsel discuss other charges assigned as error, but without citation of authority.

MAYFIELD, J.—This is a statutory action of ejectment, by appellant against appellee, to recover lands described in the complaint by government numbers, and also designated as the Warrick and James places. Defendant claimed title through plaintiff by mesne conveyance, and also by adverse possession. Plaintiff's title, before the attempted conveyance by her through which defendant claims title, was not disputed. Defendant's asserted adverse claim dated merely from and after the alleged conveyance by plaintiff. Plaintiff denied the execution by her of the alleged conveyance. This conveyance was alleged to have been executed by plaintiff and her husband, to her brother-in-law, B. F. Stephens, during the year 1887. In 1888 this grantee executed a mortgage on the lands to the Edinburgh Mortgage Company, and in 1893 he executed another mortgage thereon to the Land, Mortgage & Investment Company, and subsequently, in April of the same year, he executed a third mortgage on the land to Loeb & Bros. This last mortgage seems to have been made to obtain funds with which to pay off the other mortgages. In January, 1894, Loeb & Bros. foreclosed their mortgage, became the purchasers at their own sale, and went into and remained in possession of the lands till December, 1897, when they conveyed all the lands to the defendant,

appellee. Appellee then went into and remained in possession till this suit was brought on the 12th day of October, 1903, such date being 16 years from the date of the alleged conveyance by plaintiff, and 9 years and 9 months from the date of the foreclosure sale and possession by Loeb & Bros. The alleged deed by plaintiff was lost or destroyed and could not be produced on the trial. The deed purported to have been recorded in Barbour county on the 2d day of March, 1878. The justice who took the acknowledgment to this deed died in 1889. The clerk in the probate office, who filed and recorded the deed, died several years before the trial, and the husband of plaintiff, who joined with her in the execution of the deed, had also died before the trial. Hence the plaintiff, grantor, and B. F. Stephens, her brother-in-law and and grantee, were the only persons living who had any knowledge of the execution of the deed.

The deed or the execution thereof was proven alone by a certified copy of the record from the probate office. The introduction of this certified copy was objected to by plaintiff, because of the defective acknowledgment thereof, in which the names of the grantors were inserted or set out in the body of the acknowledgment, at the place in which the name and style of the officer taking the acknowledgment should have appeared, though it was signed at the bottom by the justice. This identical question has been twice before well considered, and passed upon, by this court. The certificate was at first held to be void and of no effect, and therefore not sufficient to authorize proof of execution of the deed. On application for a rehearing, the opinion was withdrawn, and a new opinion written holding that the certificate of acknowledgment was not void and that the certified copy of the record was admissible in evidence. —*Middlebrooks v. Stephens,* 148 Ala. 230, 41 South.

735. While this is a close question, we are not satisfied that the certificate of acknowledgment is void, and we adhere to the former opinion above referred to.

There were but two questions litigated on the trial: First, was the purported deed from plaintiff, of January 5, 1887, to B. F. Stephens, in fact executed by her, as the certified copy of the record indicated? Second, had the defendant and those through whom he claimed been in the adverse possession of the lands for 10 years before the bringing of the suit? The record affirmatively shows that the jury found the first issue in favor of the defendant and the second in favor of plaintiff. The plaintiff recovered 80 acres of the land sued for, but failed as to the other lands. The particular 80-acre tract recovered by plaintiff was omitted from her alleged deed to B. F. Stephenson, but included in all the other conveyances. This conclusively shows that the issues as to the execution of the deed were found by the jury against plaintiff and for defendant, and that the issue as to adverse possession were found for plaintiff and against defendant. Hence any errors as to the execution of the deed did not injure defendant, and for the same reason any errors as to the questions relating alone to adverse possession could not have injured plaintiff, appellant.

As all the other assignments of error insisted upon by plaintiff go alone to the question of adverse possession, and that issue being found in her favor, it is needless to treat them, because it affirmatively appears that, if error therein has intervened, it is of necessity without injury; but it is proper to say that we have examined all the assignments carefully, and can find no error.

The statement of fact in the former report of the case (41 South. 736), to the effect that on the other trial the handwriting of the justice was proven, referred to by

counsel for appellant, is clearly a mistake of the reporter, as shown by the official report of the case (148 Ala. 230). Such was not the fact and could not have been the case, for the all-sufficient reason that the original was lost, and the only proof of execution was the certified copy, which, of course, was conceded not to be in the handwriting of the justice, but in that of the clerk in the probate office.

The judgment is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.