(76 South. 950)

ROSEBROOK v. MARTIN. (7 Div. 871.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. ACKNOWLEDGMENT ⊕—29 — CERTIFICATES—SUFFICIENCY.

It is the policy of the law to uphold a certificate of acknowledgment of a conveyance of land where from the certificate and the conveyance a substantial, though not a literal, compliance with the statutes has been observed; consequently, though the certificate of acknowledgment signed by the mortgagor was not an exact copy of the form prescribed by Code 1907, § 3361, in that it omitted to state the style of the officer receiving the certificate, though it appeared from the notation by his signature that he was a justice of the peace, and substituted the words "did execute" for the statutory words "he executed" with reference to the execution by the mortgagor, the certificate is sufficient.

2. JUDGMENT ⊕—518 — FORECLOSURE DECREE—COLLATERAL ATTACK—WHAT AMOUNTS TO.

After foreclosure of a mortgage by a decree in a suit in equity, the mortgagor cannot in ejectment against the mortgagee present the contentions that the mortgage debt had been paid before the bill to foreclose was filed, and that the mortgage had been foreclosed by a sale under power to that end before the bill to foreclose had been filed, and the mortgagor had redeemed, for such contentions should have been presented in the foreclosure suit, and amount to no more than an attempt to collaterally impeach the decree therein.

3. APPEAL AND ERROR ⊕—692(2)—REVIEW—EXCEPTIONS—NECESSITY.

The exclusion of a deposition not included in the bill of exceptions cannot be reviewed.

---

**4. EJECTMENT ☞109—ACTIONS—AFFIRMATIVE CHARGE.**

In ejectment an affirmative charge for defendant was warranted where the evidence showed that plaintiff had no right or title superior to that shown through regular course to be in defendant.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Ejectment by F. D. Rosebrook against J. E. Martin. Judgment for defendant, and plaintiff appeals. Affirmed.

Both parties claim from a common source, Noel C. Leach and wife, the plaintiff by deed of March 21, 1900, and defendant by mortgage from Rosebrook to Noel C. Leach, and the foreclosure thereof in chancery and deed to Martin under the decree. The other facts sufficiently appear.

E. O. McCord, of Gadsden, for appellant. Luke P. Hunt, of Birmingham, for appellee.

McCLELLAN, J. Statutory ejectment by the appellant against the appellee.

[1] The law's policy is to uphold a certificate of acknowledgment of a conveyance of real estate where from the certificate and the conveyance, of which the certificate is a part (Smith v. McGuire, 67 Ala. 34, 37) it appears that a substantial, not a literal, compliance with the statutes prescribing the form and contents of such certificates have been observed (McCarver v. Herzberg, 120 Ala. 523, 534, 25 South. 3). The certificate of acknowledgment of the mortgage signed by Rosebrook was not an exact copy of the form prescribed in the Code (§ 3361). Its only faults were: (a) The omission of the style of the officer, a justice of the peace, after the name of him who latterly signed the certificate just preceding the words "Justice of the Peace"; and (b) the substitution of the words "did execute" for the statutory words "he executed." It is perfectly clear from the instrument that the intention and the fact was that Miller, a justice of the peace, took the acknowledgment of Rosebrook, and efficiently, though not perfectly, certified the facts necessary to render the instrument self-proving. A certificate manifesting a far less degree of compliance with the statutes was upheld in Middlebrooks v. Stephens, 148 Ala. 230, 41 South. 735; Id., 160 Ala. 283, 49 South. 321. Upon that authority alone the court was justified in overruling the plaintiff's objection to the introduction of the mortgage in evidence based upon his view that the certificate of acknowledgment was fatally defective.

According to the apt authority afforded by Warrior River Coal Co. v. Ala. State Land Co., 154 Ala. 135, 140, 141, 45 South. 53, the court was well advised when it ruled that the instrument of date July 20, 1903, signed and acknowledged by "Earl Cochran, Register," was executed and was effective, and hence admissible in evidence, as a conveyance by the register in his representative capacity. The face of the instrument admits of no possible doubt of this fact.

[2] The effort of the plaintiff to adduce evidence to the effect (a) that he had paid the mortgage debt, interest, etc., before the bill in equity to foreclose it was filed, and (b) that the mortgage had been foreclosed by a sale under the power to that end before the bill in equity to foreclose it was filed and redemption of the land by the mortgagor (plaintiff) before the bill in equity to foreclose it was filed, was, in this action of ejectment, but an effort to collaterally impeach and annul the decree of the chancery court adjudicating, in the exercise of a completely attained and prevailing jurisdiction, that the mortgage debt was an outstanding liability, and its amount, and that the mortgage was a lien deserving foreclosure and foreclosing it under the practices of equity to that end. Johnson v. Johnson, 182 Ala. 376, 385, 62 South. 706; Friedman v. Shamblin, 117 Ala. 454, 466, 467, 23 South. 821. If the rights and defenses in the proffered evidence the plaintiff sought to assert or introduce were to be made available, they should have been availed of in the cause constituted of the bill in equity to effect the ascertainment of the mortgage debt and the foreclosure of the mortgage, as was done; the record in that cause disclosing that plaintiff suffered a decree pro confesso to be therein taken against him.

[3] The deposition of J. R. Atkin not being in the bill of exceptions, this court cannot review the action of the trial court in denying its admission in evidence, on the defendant's objection.

[4] The plaintiff showed no title whatever to the land. The evidence disclosed by the bill of exceptions affirmatively discloses that plaintiff had no right or title superior to that shown, through regular courses, to be in the defendant. There was therefore no error in giving the affirmative charge at the instance of and for the defendant.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.